# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHIRLEY L. REYES,
                Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                Agency.

DOCKET NUMBER
SF-0845-14-0686-I-1

DATE: June 25, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shirley L. Reyes</u>, Barstow, California, pro se.

<u>Christopher H. Ziebarth</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying her request to waive the collection of an overpayment amount. Generally, we grant petitions such as this one only when: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2       The appellant's disability retirement under the Federal Employees' Retirement System (FERS) was effective May 12, 2012. Initial Appeal File (IAF), Tab 5 at 6, 11-14. In her approval letter, OPM advised the appellant that she must apply for Social Security disability benefits and immediately notify OPM of the amount and effective date of her benefits if she received them. *Id.* at 11-12. OPM informed her that her FERS disability benefits would be reduced by 100 percent of any Social Security benefits payable for the first 12 months she received those benefits. *Id.* at 12. OPM explained that she should not negotiate her Social Security checks until her FERS benefits had been reduced because she would need the payments she received from the Social Security Administration to repay OPM. *Id.* On December 18, 2012, the appellant was approved for Social Security Disability Income (SSDI), based on a disability date of May 11, 2012. *Id.* at 24. Her SSDI payment, effective November 2012, was $1,496 per month. *Id.*

¶3       On January 17, 2013, the appellant notified OPM of the SSDI award by mail. *Id.* at 26, 30-31. OPM apparently did not act upon that notice and sent her

another letter, dated May 25, 2013, inquiring about the status of her application for SSDI benefits. *Id*. at 10. She returned the requested information to OPM by facsimile on June 11, 2013. *Id*. at 40-43. On September 14, 2013, OPM informed her that her annuity had been reduced based on the SSDI award. *Id*. at 32. OPM's letter also informed her that she had received an overpayment of $11,455.00. *Id*. at 33-36. OPM explained that it would collect repayment in 36 installments of $318.19 per month and a final installment of $0.16. *Id*. at 33. In September 2013, the appellant requested that OPM waive collection of the overpayment. *Id*. at 21-23.

¶4    On reconsideration, OPM affirmed its initial decision. *Id.* at 5-9. OPM denied the appellant's waiver request, but lowered her monthly installment to $125.00 for a period of 91 months with a final installment of $80.00. *Id*. at 8. OPM also refunded her $1,908.18, representing six installment payments of $138.03 that had been withheld from her annuity payments between December 2013 and May 2014, after she asked the agency to reconsider its decision to collect the overpayment. *Id*. at 20. This appeal followed. IAF, Tab 1.

¶5    While the appeal was pending, the appellant submitted a Financial Resources Questionnaire (FRQ) dated September 19, 2014, in support of her assertion that recovery of the overpayment would cause her financial hardship. IAF, Tab 10. After a telephonic hearing, the administrative judge issued an initial decision finding that OPM met its burden of proving the existence and amount of the overpayment. IAF, Tab 17, Initial Decision (ID) at 4-5. Regarding her request for a waiver, the administrative judge found that the appellant was without fault in the overpayment, but that none of the circumstances that would support waiver were evident, and that collection of the debt would not be against equity and good conscience. ID at 6-8. The administrative judge likewise found that adjustment of the repayment schedule was unwarranted because the appellant's expenses did not exceed her monthly income; instead, she was left with a $248.79 surplus each month. ID at 9-12.

¶6        To be entitled to a waiver, an appellant must meet a two-fold part test.  She must show by substantial evidence that (1) she was without fault in creating the overpayment, and (2) recovery of the overpayment would be against equity and good conscience.  5 U.S.C. § 8470(b); *Zucker v. Office of Personnel Management*, 114 M.S.P.R. 288, ¶ 7 (2010).  The appellant met her obligation to inform OPM of the overpayment, and the administrative judge correctly found that she was without fault.  *See* ID at 7.

¶7        Generally, recovery is against equity and good conscience when it would cause financial hardship; the annuitant can show that, because of the overpayment, she relinquished a valuable right or changed positions for the worst; or recovery could be unconscionable under the circumstances. *Zucker*, 114 M.S.P.R. 288, ¶ 7.  OPM's Policy Guidelines provide, however, that individuals who know or suspect that they are receiving overpayments must set aside the amount overpaid pending recoupment; that absent exceptional circumstances, recovery in these cases is not against equity and good conscience; and exceptional circumstances do not include financial hardship.  *Id.*; *see* Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and Federal Employees' Retirement System § I.C.4 (1995) (hereinafter Policy Guidelines), located in IAF, Tab 5 at 81-119; *see also Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 8 (2012).  The appellant was undoubtedly aware that she was receiving overpayments.  *See, e.g.*, IAF, Tab 5 at 11-12.  The set-aside rule thus applies.  When the set-aside rule applies, recovery by OPM is not against equity and good conscience and cannot be waived absent exceptional circumstances.  Exceptional circumstances may include, but are not limited to, cases in which:  (1) there has been an exceptionally lengthy delay by OPM in adjusting an annuity; (2) OPM failed to respond within a reasonable length of time to an annuitant's inquiries regarding an overpayment; (3) OPM failed to act expeditiously to adjust an annuity in the face of specific notice; or (4) OPM was otherwise grossly negligent in handling the case.  *King v.*

*Office of Personnel Management*, 114 M.S.P.R. 181, ¶ 20 (2010). "Granting a waiver based on egregious errors or delays requires a determination that OPM's handling of a case was so offensive—so monstrously harsh and shocking to the conscience—that one's sense of equity forbids recovery." Policy Guidelines § I.F.1.

¶8        On review, the appellant asserts that exceptional circumstances exist here. Petition for Review (PFR) File, Tab 1 at 1. Her assertion is unavailing. Although OPM did not explain why it failed to process her original notification that she was receiving SSDI benefits, *see* IAF, Tab 5 at 26, 30, it adjusted her annuity within 9 months of that notification, *cf., e.g.*, *Kellet v. Office of Personnel Management*, 62 M.S.P.R. 1, 5 (1993) (waiver of overpayment was warranted where the appellant's annuity was not adjusted for more than 10 years, despite OPM's receipt of notice of his election to provide a survivor annuity for his new spouse). The administrative judge thus properly found that exceptional circumstances do not exist here. ID at 8.

¶9        Even if an appellant is ineligible to receive a waiver, she may still be entitled to an adjustment in the recovery schedule if she shows that it would cause her financial hardship to make payments at the rate scheduled by the agency.[2] 5 C.F.R. § 845.301; *see, e.g.*, *Boone*, 119 M.S.P.R. 53, ¶¶ 11-12. Financial hardship may be deemed to exist if the appellant needs substantially all of her current income and liquid assets to meet current ordinary and necessary living expenses and liabilities. 5 C.F.R. § 845.304. Pertinent considerations include her financial ability to pay when the collection is scheduled to be made. 5 C.F.R. § 845.304(a)(1). The appellant bears the burden of proving financial hardship by substantial evidence. 5 C.F.R. § 845.307(b). The Board

---

[2] A showing of financial hardship warranting an adjustment in the recovery schedule is a lesser showing than the showing that would justify a waiver of the recovery of the overpayment. *See Conway v. Office of Personnel Management*, 56 M.S.P.R. 82, 86 (1992).

applies a "reasonable person" test in determining whether an appellant's asserted living expenses are ordinary or necessary. *Fearon v. Office of Personnel Management*, 107 M.S.P.R. 122, ¶ 11 (2007). The Board will give an appellant the benefit of the doubt unless an expense clearly constitutes an extravagance or a luxury. *Gott v. Office of Personnel Management*, 97 M.S.P.R. 538, ¶ 11 (2004).

¶10    Here, the administrative judge calculated the appellant's monthly income and obligations based on the information she supplied in her September 2014 FRQ. *See* IAF, Tab 10. The administrative judge found her gross monthly income to be $2,562.00.[3] ID at 10; IAF, Tab 10 at 2. Her approved expenses totaled $2,313.21, leaving a monthly surplus of $248.79. ID at 10-12; IAF, Tab 10 at 2. The administrative judge found her only asset was her car, a non-liquid asset unavailable for recovery of the overpayment. ID at 12; *see Spinella v. Office of Personnel Management*, 109 M.S.P.R. 185, ¶ 11 (2008). The initial decision thus is correctly decided given the evidence submitted to the administrative judge, and we AFFIRM it.

¶11    On review, the appellant argues that she has incurred additional expenses resulting from her diabetes, newly-diagnosed kidney disease, and possible heart disease. PFR File, Tab 1 at 1. She asserts she has "required several stays in the hospital[,] ambulance trips, [a] change of medication and now am required to have heart studies and the need for[ ]kidney physician service." *Id.* She asserts that she has incurred $49,226.00 in unpaid medical bills,[4] and she must now cover additional copayments for ongoing medical treatment as well as the purchase of new medications, special socks and underwear for diabetes, an orthopedic boot to

---

[3] The appellant's gross monthly income was calculated by adding her FERS monthly gross annuity of $1,044.00 and her monthly SSDI payment of $1,518.00. IAF, Tabs 10-11.

[4] It is unclear how much money the appellant owes to health care providers. She submitted medical bills for which the unique charges total $49,027.77. PFR File, Tab 1 at 7-18. Insurance claims were denied for two of these bills. *See id.* at 7, 9. For other bills, the appellant received an insurance payment and now owes the providers. *See id.* at 8, 10. Additional bills are for copayments. *See id.* at 11, 13-18.

support her foot, and specific foodstuffs and bottled water for a special renal diet. *Id.* The appellant avers that her food costs have increased from $205.70, *see* ID at 12, to $500 per month, PFR File, Tab 1 at 2. She also avers that she has incurred additional monthly expenses of $240 for debts in collection and $481 for medical and dental costs (an increase over $329.65, the amount submitted in her September 2014 FRQ). *Id.*; *see* IAF, Tab 10 at 2. She additionally asserts that she has been threatened with eviction because she is behind on her rent, and that her vehicle was repossessed. PFR File, Tab 1 at 1. She included supporting documentation postdating the close of the record. *Id.* at 3-6.

¶12 Although the appellant's expenses were correctly calculated based on information she submitted to the administrative judge, her petition for review indicates that she may have considerable new expenses. Some of these expenses are partially documented in the petition for review, but others—for example, added food costs for her renal diet—require further explanation. Moreover, her day-to-day living expenses may have changed when her vehicle was repossessed or if she was forced to find other housing. Thus, the appellant may submit a mid-collection request to OPM where her living expenses may be reexamined. *See* Policy Guidelines § V.F.5; *see also Martin v. Office of Personnel Management*, 49 M.S.P.R. 134, 138-39 (1991) (finding that, should the appellant's financial condition change and her expenses prove overwhelming due to unanticipated medical expenses, she could make a mid-collection request to OPM for lower payments, compromise, suspension, or write-off, as provided for by OPM's Policy Guidelines). When appropriate, OPM may grant lower payments, compromise part or all of the debt, or suspend or terminate collection. *See* Policy Guidelines § V.F.5.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.